IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUZANNE BEALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:12-cv-00241-F |
| | § | |
| WFG INVESTMENTS, INC. a/k/a | § | |
| WILLIAMS FINANCIAL GROUP | § | |
| | § | |
| Defendant. | § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff and Defendant file this Joint Motion for Approval of Settlement and would show the Court as follows:

1. This is an action for unpaid wages under the Fair Labor Standards Act 29 U.S.C. § 201 *et. seq* ("FLSA"). The parties entered into the attached General Release and Settlement Agreement (Exhibit A) that has been reviewed and executed by all parties. Plaintiff, with the advice of counsel and having had a reasonable period of time in which to consider the Settlement Agreement, agrees that payments under the terms of the settlement constitute fair and equitable compensation for the overtime claims. Plaintiff and Defendant desire that the Court enter an Order approving of the settlement and an Order dismissing this lawsuit.

2. There is some conflicting law as to whether a private settlement of FLSA claims must receive court approval in order to be enforceable. *See Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Martinez v. Bohls Bearing Equipment Co.* 361 F.Supp.2d 608 (W.D. Tex. 2005). One line of cases holds the only two ways that a private claim for back overtime wages can be settled is either by the Department of Labor or by a private settlement presented to the court for approval. *See Lynn*, 679 F.2d at 1353.

Another line of cases, including several Fifth Circuit cases, has allowed the parties to enter into purely private compromises and settlements of FLSA claims. *Martinez*, 361 F.Supp.2d at 630.

3. Out of an abundance of caution, Plaintiff and Defendant request that the Court enter an Order approving the terms of the settlement of this matter.

4. Under the terms of the Confidential General Release and Settlement Agreement (Exhibit A), Defendant will pay Plaintiff and Plaintiff's counsel a total of $10,750.00. The amount of and the allocation of the settlement was the subject of negotiation and compromise between Plaintiff and Defendant. The parties have all agreed to the entry of settlement upon these terms, and believe that the settlement is fair under the particular circumstances of this case.

5. Plaintiff was pursuing unpaid overtime claims. Plaintiff contended that she was paid only straight time for the time spent in excess of 40 hours per week. However, Defendant contested the number of hours and practices concerning compensation alleged by Plaintiff. In order to avoid the costs and uncertainty of litigation, the parties negotiated a settlement of this matter as set forth on the attached settlement agreement.

6. Plaintiff's counsel took this case on a contingent fee basis. Under the provisions of the FLSA, if Plaintiff was the prevailing party, Plaintiff's counsel would be awarded the reasonable and necessary attorneys' fees incurred in pursuit of the claim. The amount of fees to be awarded to Plaintiff's counsel is fair and appropriate under the facts and circumstances of this case.

7. The parties have all received notice of the settlement, consented to the settlement, and signed the General Release and Settlement Agreement memorializing the settlement amounts and other relevant terms of the settlement.

8. The parties all believe that the settlement is fair and appropriate under the particular circumstances and facts of this case. Wherefore, the parties jointly request that the Court approve the terms of the settlement entered into by the parties.

Respectfully submitted,

/s/ Robert (Bobby) Lee
**Robert (Bobby) Lee**
*Attorney in Charge*
Texas Bar No. 00787888
**J. Derek Braziel**
State Bar No. 00793380
**Carmen Artaza**
Texas Bar No. 24055114
**Meredith Mathews**
Texas Bar No. 24055180

LEE & BRAZIEL, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax

**ATTORNEYS FOR PLAINTIFF**

*and*

/s/ Alyson C. Brown
**Keith A. Clouse**
State Bar No. 04410300
**Alyson C. Brown**
State Bar No. 04873500

CLOUSE DUNN, LLP
1201 Elm Street, Suite 5200
Dallas, Texas 75270
Telephone: (214) 220-3888
Facsimile: (214) 220-3833

**ATTORNEYS FOR DEFENDANT**